*Kumar v. Garland*

BIA
Kolbe, IJ
A208 204 053

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

AMIL KUMAR, AKA ANIL KUMAR, AKA NIL THAPA,

> *Petitioner*,

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

19-2019
NAC

**For Petitioner:** Richard W. Chen, New York, NY.

**For Respondent:** Joseph H. Hunt, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Amil Kumar, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re* Amil Kumar, No. A 208 204 053 (B.I.A. June 10, 2019), *aff'g* No. A 208 204 053 (Immigr. Ct. N.Y.C. Jan. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse-credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's

2

findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant facts, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the agency's adverse-credibility determination. Kumar alleged that followers of Baba Rampal assaulted him because he is Sikh and threatened to kill him if he did not join their Hindu sect. But he gave inconsistent descriptions of how he became – or was becoming – Sikh,

3

telling the asylum officer he was registered as Hindu and in the process of converting to Sikhism, but later testifying in front of the IJ that he became Sikh through his father. Although he now argues on appeal that the agency misunderstood the process of becoming Sikh, it was his burden to clarify that process for the agency, which he did not do when confronted with the inconsistency during his hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (placing burden of proof on asylum applicant); *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Similarly, Kumar was inconsistent about who took him to the doctor following alleged attacks by Baba Rampal followers. Kumar testified that his mother and uncle took him after the first attack, and that his mother took him after the second; however, his written statement reflected that only his uncle took him after both attacks. His explanation that his uncle drove because his mother does not drive does not resolve why he gave these different descriptions. *See Majidi*, 430 F.3d at 80.

The agency also reasonably concluded that Kumar's documentary evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Affidavits from Kumar's mother, brother, and uncle attesting to the beatings all contained nearly identical language, as well as the same typographical errors, thus undermining rather than corroborating his claim. *See Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding agency's reliance on "nearly identical language in the written affidavits allegedly provided by different people in India" as a basis for an adverse-credibility determination). Kumar claims that the similarities in the affidavits are attributable the notary his family members used, but, once again, the agency was not compelled to accept this explanation. *See Majidi*, 430 F.3d at 80.

Finally, the agency's adverse-credibility determination is further bolstered by the IJ's demeanor finding. We give "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be

attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (internal quotation marks omitted). Here, the record reflects that Kumar was not responsive when questioned about potential inconsistencies, and the agency was not required to conclude that Kumar was a "naturally poor witness." Kumar Br. at 17; *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005) (explaining that "an alien's mere recitation that he was nervous" does not "automatically prevent the IJ or BIA" from relying on inconsistent statements).

In sum, the inconsistencies, lack of reliable corroboration, and demeanor finding constitute substantial evidence for the agency's adverse-credibility determination. And the adverse-credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court